IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Jerome Smith, | ) | |
| | ) | Civil Action No. 6:09-3281-TLW-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Dawn Wilson, Debra Tatum, Debra | ) | |
| Hipp, Leesa NLN, Tina NLN, Lana | ) | |
| NLN, Cassandra Jean, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 43). The plaintiff, a local prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The plaintiff claims that the defendants are all nurses at the J. Reuben Long Detention Center ("JRLDC") in Horry County, South Carolina, and have deliberately denied him medical treatment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On May 28, 2010, the defendants filed a motion for summary judgment. By order filed June 1, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on June 21, 2010.

**FACTS PRESENTED**

The plaintiff alleges that since his incarceration at JRLDC began he has been denied adequate medical care. While he admits that upon his arrival at the facility he was questioned by a nurse on "standard medical issues," he alleges that he has not been properly "screened" and has been denied access to a doctor. He also alleges that he has been unable to receive prescription medication that had been prescribed to him by an "outside doctor." He complains that his medical request forms have been "intercepted" by defendant Debra Hipp, further frustrating his attempts to get medical attention. He also complains that the facility's medical unit in general is not providing appropriate care for "all of the inmates." In his prayer for relief, the plaintiff requests that the medical staff at JRLDC be removed from practicing medicine anywhere in the United States, and he seeks compensatory and punitive damages for medical malpractice (comp. 3-5).

In support of their motion for summary judgment, the defendants submit the affidavit of Nurse Dawn Wilson, along with the plaintiff's medical records from the JRLDC medical unit. The records, 93 pages total, consist of Physicians Orders forms, Medical Request forms, Nurses notes, Medication Notes, and Medication Administration records (doc. 43-3, 4, 5, and 6). Nurse Wilson testifies in her affidavit that the plaintiff has received medical attention and treatment while at the JRLDC and that his allegations are unsupported by his own medical records. The defendants further point out that only three defendants – Dawn Wilson, Debra Tatum, and Debra Hipp – have been sufficiently identified and properly served.

In his response in opposition to summary judgment, the plaintiff maintains that Nurse Wilson's affidavit is wholly untrue, as "since I've been here at JRL I haven't had any medical treatment or any medical attention," though he admits seeing a "real doctor from the streets" after threatening to sue the facility (pl. resp. m.s.j., aff.). He also lists injuries

2

he claims to have sustained during a November 10, 2009, incident for which he has never received treatment.[1]

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex*

---

[1]These injuries were the subject of a companion suit (6:09-cv-3280-TLW-KFM) in which the plaintiff alleged the use of excessive force by certain correctional officers at JRLDC. By way of Report of Magistrate Judge dated November 16, 2010, this court recommended that summary judgment be granted in favor of the defendants. This court further found that to the extent the plaintiff asserted a claim for deliberate indifference to a serious medical need for the injuries he allegedly received on November 16, 2010, such claim also failed. *See Smith v. Fox*, 6:09-cv-3281-TLW-KFM, doc. 62 at 6-7).

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

### *Dismissal for Failure to Plead Personal Allegations*

The plaintiff has failed to allege how each named defendant, with the exception of Debra Hipp, acted individually to deliberately to deny his serious medical needs.  A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights.  *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).  As the plaintiff has failed to meet this minimum pleading requirement, defendants Dawn Wilson, Debra Tatum, Leesa NLN, Tina NLN, Lana NLN, and Cassandra Jean should be dismissed from this action.

***Deliberate Medical Indifference***

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1ˢᵗ Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmateʼs complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisonersʼ medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisonerʼs "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendantʼs purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1ˢᵗ Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctorʼs attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1ˢᵗ Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851-52 (4ᵗʰ Cir. 1990) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth

Amendment. *Id.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4ᵗʰ Cir. 1985).

The plaintiff's general complaints of the JRLDC medical unit do not give rise to a constitutional claim. While he claims to have been denied medicine and treatment upon admission, he fails to allege any "serious medical needs" that arose or were exacerbated therefrom. Moreover, the plaintiff's claim that he has not received medical attention or treatment while at JRLDC is absolutely at odds with his own medical records from the facility. As described by nurse Dawn Wilson, the plaintiff "has received more than simply adequate medical treatment and care for his various medical conditions and injuries while incarcerated at JRLDC" (Wilson aff. ¶ 6). Contrary to his allegations, the well-documented medical records reveal that the plaintiff has had frequent attention from the medical unit and that his medical request forms have not been ignored. The records show he has received attention, treatment, and medication on a number of occasions. Accordingly, the plaintiff's deliberate medical indifference claim is without merit. To the extent the plaintiff attempts to claim that the JRLDC medical unit is deliberately indifferent to all of the facility's inmates, he lacks standing to proceed. It is well settled that a prisoner lacks standing to sue on behalf of other prisoners. *See Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others).

### *Qualified Immunity*

Lastly, the defendants argue they are entitled to qualified immunity as their conduct did not violate any clearly-established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable

person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). The plaintiff's conclusory allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 43) be granted.

IT IS SO RECOMMENDED.

> s/Kevin F. McDonald
> United States Magistrate Judge

November 17, 2010
Greenville, South Carolina